Betty A. **BULLOCK,** Plaintiff,

v.

**UNITED BENEFIT LIFE INS. CO.,** Defendant.

No. CIV. A. 01–D–683–S.

United States District Court,
M.D. Alabama,
Southern Division.

Aug. 21, 2001.

Rufus R. Smith, Jr., Rufus R. Smith, Jr. & Associates, Dithan, AL, for Plaintiff.

Eric Allison Bowen, Montgomery, AL, Pro se.

James R. Rhodes, Highland Home, AL, Pro se.

James W. Davis, F. Alfred Smith, Jr., Bainbridge, Mims, Rogers & Smith, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion To Compel Arbitration, filed August 3, 2001. Plaintiff opposes the Motion. For the following reasons, the court finds that Defendant's Motion is due to be granted.

## I. BACKGROUND

On April 6, 2001, Plaintiff filed a complaint against United Benefit Life Insurance Company ("UBL" or "Defendant") and James Rhodes ("Rhodes") in the Circuit Court of Dale County, Ala. UBL removed the case to this court based on diversity jurisdiction, asserting that Rhodes, the only non-diverse Defendant, was fraudulently joined. Plaintiff moved to remand this action to state court. In an Order entered July 31, 2001, the court denied Plaintiff's motion to remand and dismissed all claims against Rhodes.

Plaintiff's Complaint alleges claims for breach of contract, fraud and negligent supervision of an insurance agent. All of Plaintiff's allegations against UBL arise under or relate to a health insurance policy issued to Plaintiff by UBL.

At the time Plaintiff applied for the UBL policy, she completed an application for insurance, as well as an Arbitration Agreement Endorsement ("Agreement"). The Agreement provides, in relevant part, that Plaintiff agrees to arbitrate:

1. Any and all claims, disputes or causes of action that I or my dependents have concerning my United Benefit Certificate of Insurance or the coverage therein; and/or

2. Any claims, disputes or causes of action that I have concerning any relationships that my United Benefit certificate of Insurance creates; and/or

3. Any claims, disputes or causes of action concerning the validity of the Arbitration Agreement Endorsement; and/or

4. Any and all claims, disputes or causes of action that I have that arise from the solicitation, sale and/or servicing of the Certificate of Insurance by any agent or employee of United including, but not limited to, any allegation of fraud or other improper act or omission.

(Mot., Ex. 1 at 1.) Plaintiff signed the document on April 14, 1998.

## II. THE FEDERAL ARBITRATION ACT

Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforce-

able, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The effect of § 2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Section 3 provides for the stay of proceedings in federal district courts when an issue in the proceedings is referable to arbitration. *See* 9 U.S.C. § 3. Section 4 provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *See* 9 U.S.C. § 4.

■ The FAA establishes "'a federal policy favoring arbitration.'" *Shearson/American Exp., Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (quoting *Moses H. Cone Memorial Hosp.,* 460 U.S. at 24, 103 S.Ct. 927 (1983)). Courts must rigorously enforce agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218–21, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The parties' intent governs what claims are arbitrable, and the court looks to the wording of the arbitration clause and gives all provisions of the contract their full effect. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 59, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); *Reid v. Casey,* 339 So.2d 79, 82 (Ala.Civ.App.1976) ("[a]ll provisions of a contract must, if possible, be given effect.")

### III. DISCUSSION

■ Pursuant to the Agreement, Defendant moves the court to compel Plaintiff to arbitrate all of her claims in the Complaint. Plaintiff does not dispute that her claims fall within the scope of the Agreement. Instead, Plaintiff argues that the Agreement is unenforceable pursuant to the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1012.

The McCarran–Ferguson Act provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance …, unless such Act specifically relates to the business of insurance…." 15 U.S.C. § 1012(b). In effect, the McCarran–Ferguson Act "reverses the doctrine of preemption in cases involving state insurance laws, such that a state law specifically regulating the business of insurance shall preempt a conflicting federal law unless that federal law specifically relates to the business of insurance." *Blackfeet Nat'l Bank v. Nelson,* 171 F.3d 1237, 1244 (11th Cir.1999). "Thus, the McCarran–Ferguson Act ensures the supremacy of the states in the realm of insurance regulation." *United States v. Cooper,* 132 F.3d 1400, 1404 (11th Cir.1998).

Plaintiff argues that the McCarran–Ferguson Act, operating in tandem with § 27–14–22 [1] of the Alabama Code, "reverse preempts" the FAA and, thus, renders Alabama's anti-arbitration statute, § 8–1–41(3),[2] applicable in this case. The court disagrees.

In *American Bankers Ins. Co. of Florida v. Crawford,* 757 So.2d 1125 (Ala.1999), the Supreme Court of Alabama held that the McCarran–Ferguson Act does not apply to policies of insurance so as to pre-

---

1. Section 27–14–22 provides that "all contracts of insurance, the application for which is taken within the state, shall be deemed to have been made within this state and subject to the laws thereof." ALA. CODE § 27–14–22 (1998).

2. Section 8–1–41(3) provides that "an agreement to submit a controversy to arbitration" is not enforceable by specific performance. ALA. CODE § 8–1–41(3) (1993).

clude the preemptive effect of the FAA. The Court concluded that § 8–1–41(3) "was not 'enacted for the purpose of regulating the business of insurance'" and, thus, did not fall within the prohibition in the McCarran–Ferguson Act. *Id.* at 1134–35 (quoting 15 U.S.C. § 1012(b)). The court in *Woodmen of the World Life Ins. Society v. White,* 35 F.Supp.2d 1349 (M.D.Ala.1999), reached the same conclusion.[3] *See id.* at 1356.

Plaintiff urges the court to reject the reasoning of *American Bankers.* Plaintiff states that, because *American Bankers* is a plurality opinion, it does not constitute a holding of the Supreme Court of Alabama. The court declines Plaintiff's invitation. The reasoning in *American Bankers* is sound.

Based on *American Bankers,* the court finds that the McCarran–Ferguson Act does not preclude application of the FAA to Plaintiff's insurance contract. Therefore, the court concludes that the Agreement is enforceable.

### IV. ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant's Motion To Compel Arbitration, filed August 3, 2001, be and the same is hereby GRANTED. Plaintiff is DIRECTED to submit her claims to binding arbitration as provided in the Arbitration Agreement Endorsement.

It is further CONSIDERED and ORDERED that this action be and the same is hereby STAYED pending arbitration. *See* 9 U.S.C. §§ 3, 4. Within three months and six months of today's date, the parties are ORDERED to report jointly to the court as to the status of arbitration, if this matter has not been disposed of by then.

It is further CONSIDERED and ORDERED: (1) that the Clerk of the Court REMOVE this action from the court's active docket and PLACE said action on the court's administrative docket, with leave for either party to move to reinstate the same on the active docket at the conclusion of arbitration proceedings; (2) that such reinstatement will cause the filing date of the action to relate back to the original filing date of this action; and (3) that any motion for reinstatement shall be filed no later than the time prescribed by the FAA, 9 U.S.C. § 12.

---

**3.** *American Bankers* cites *White* with approval. *American Bankers,* 757 So.2d at 1134 ("[A]t least one federal district court has considered the very same issues and arguments that are presented in this case and, applying Alabama law, that court reached the same conclusion we reach today.").